UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREYHOUND LINES, INC., | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2769-B |
| | § | |
| WESTERN TRAILS CHARTERS & | § | |
| TOURS LLC d/b/a SALT LAKE | § | |
| EXPRESS, | § | |
| | § | |
|    Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Western Trails Charters & Tours doing business as Salt Lake Express ("SLE")'s Motion to Transfer Venue and Motion to Dismiss (Doc. 24). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I.

## BACKGROUND

This is a breach of contract case. Plaintiff Greyhound Lines, Inc. ("Greyhound") and SLE both provide bus-transportation services. *See* Doc. 14, Am. Compl., ¶¶ 6–9. Greyhound and SLE entered into the 2021 Interline Agreement, which is a contract that "addressed . . . interlining ticket arrangements as well as liability for defense and indemnity between the parties in the event of an accident." *Id.* ¶ 11. Specifically, the 2021 Interline Agreement provides that each party "shall defend, indemnify, protect and hold the other harmless . . . from and against any and all claims . . . arising out of or resulting from . . . any negligence, act or omission . . . of the other Party or its employees, agents, representatives or contractors." Doc. 14, Ex. A, ¶ 16.

Greyhound alleges that in December 2022 one of SLE's buses was in an accident in Utah. Doc. 14, Am. Compl., ¶ 6. In July of 2023, one of the passengers on that bus sued several parties, including Greyhound, in state court in Dallas County ("Dallas County Litigation"). *Id.* Greyhound alleges that, pursuant to the 2021 Interline Agreement, SLE has a duty to defend Greyhound in the Dallas County Litigation and a duty to indemnify Greyhound for any damages incurred as a result of the Dallas County Litigation. *Id.* ¶¶ 14–16. Greyhound initiated the present litigation after SLE refused to defend and indemnify Greyhound in the Dallas County Litigation, allegedly in violation of the 2021 Interline Agreement.[1] *Id.* ¶¶ 31–32. Greyhound also seeks a declaratory judgment that SLE has both a duty to defend and duty to indemnify under the 2021 Interline Agreement. *Id.* ¶¶ 33–52. Lastly, Greyhound asserts a claim for common law indemnification against SLE. *Id.* ¶¶ 53–54.

SLE moves to transfer this case to the United States District Court for the District of Utah under both 28 U.S.C. §§ 1404(a) and 1406. Doc. 24, Mot., 1. SLE also moves to dismiss Greyhound's indemnity claims for lack of subject-matter jurisdiction, arguing that the indemnity claims are not ripe, and moves to dismiss Greyhound's common law indemnity claim for failure to state a claim. *Id.* at 8–10. The Court considers the Motion below.

---

[1] Greyhound asserts three different theories under a single breach of contract cause of action. Doc. 14, Am. Compl., ¶¶ 31–32. Specifically, it asserts that SLE breached the contract by: (1) failing to defend Greyhound; (2) failing to indemnify Greyhound; and (3) failing to name Greyhound as additional insured on SLE's insurance policies. *Id.* ¶ 32. The Court construes these allegations as three separate breach of contract causes of action.

## II.

## LEGAL STANDARDS

A.     *Motion to Transfer Venue*

Under 28 U.S.C. § 1391, venue is proper in the following three judicial districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a substantial
> part of the events or omissions giving rise to the claim occurred, or a substantial part
> of property that is the subject of the action is situated; or (3) if there is no district in
> which an action may otherwise be brought as provided in this section, any judicial
> district in which any defendant is subject to the court's personal jurisdiction with
> respect to such action.

28 U.S.C. § 1391(b)(1)–(3). If venue is improper under § 1391, the court "shall dismiss, or if it be

in the interest of justice, transfer such case to any district or division in which it could have been

brought." *Id.* § 1406(a).

Even when venue is proper, a district court may transfer a civil action to another district or

division if (1) the plaintiff could have brought that action there originally and (2) the transfer would

be for "the convenience of parties and witnesses [and] in the interest of justice." *Id.* § 1404(a). The

movant must clearly establish both elements to "show good cause" for transfer. *See In re Volkswagen*

*of Am., Inc.*, 545 F.3d 304, 314–15, 314 n.10 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

As to the first prong, a plaintiff may initially bring an action in any district that would be a

proper venue under 28 U.S.C. § 1391. For the second prong, determining if transfer would be for

"the convenience of parties and witnesses, in the interest of justice," requires balancing eight private

and public interest factors. *See Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) (internal

quotation omitted). The balance of these factors must clearly weigh in favor of transferring to the

new venue. *Id.* "[If] the transferee forum is no more convenient than the chosen forum, the plaintiff's

choice should not be disturbed." *Thomas v. City of Fort Worth*, No. 3:07-CV-1689-O, 2008 WL 4225556, at * 2 (N.D. Tex. Sept. 15, 2008) (O'Connor, J.); *see also Volkswagen II*, 545 F.3d at 315.

B.     *Motion to Dismiss for Lack of Subject-Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citations omitted). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* (citations omitted). "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* "Congress has plenary authority to regulate federal court jurisdiction and can withhold such jurisdiction at its discretion." *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 269 (5th Cir. 2001).

## III.

## ANALYSIS

The Court concludes that it lacks subject-matter jurisdiction over all of Greyhound's claims for indemnity because those claims are not ripe as the Dallas County Litigation is ongoing. As such, the Court does not address SLE's argument that Greyhound fails to state a claim for common law indemnity. Lastly, the Court concludes that the Northern District of Texas is a proper venue and that SLE has failed to meet its burden to establish that the interests of justice warrant transferring this case to the District of Utah.

A.     *Greyhound's Indemnity Claims are Not Ripe for Dispute.*

SLE moves to dismiss Greyhound's duty to defend claims, as well as all of its indemnity claims for lack of subject-matter jurisdiction. Doc. 24, Mot., 8–9. Greyhound asserts that SLE failed

to satisfy a contractual and common law obligation to indemnify Greyhound for the Dallas County Litigation. Doc. 14, Am. Compl., ¶¶ 32, 54. Additionally, Greyhound seeks a declaratory judgment that SLE has a duty to indemnify Greyhound for any liabilities resulting from the Dallas County Litigation. *Id.* ¶ 52. None of Greyhound's indemnity claims are ripe for adjudication, including the declaratory judgment it seeks; however, Greyhound's duty to defend claims are ripe.

Article III of the United States Constitution provides that federal courts only have the power to decide actual cases or controversies. U.S. CONST. ART. III, § 2. The doctrine of ripeness "originate[s] in Article III's 'case' or 'controversy' language," and is also "drawn from prudential reasons for refusing to exercise jurisdiction." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (citing *DaimlerChrystler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). In determining ripeness, the Court must find that the issues are fit for judicial decision and that the parties will suffer hardship if the Court withholds consideration. *Id.* In general, a case is ripe "if any remaining questions are purely legal ones," but "is not ripe if further factual development is required." *Id.* at 587.

A complaint seeking a declaration of a party's duty to indemnify generally presents an actual controversy only "after the underlying suit has been resolved."[2] *Columbia Cas. Co. v. Georgia & Florida RailNet, Inc.*, 542 F.3d 106, 110–11 (5th Cir. 2008) (citing *Collier v. Allstate County Mut. Ins. Co.*, 64 S.W.3d 54, 62 (Tex. App.—Fort Worth 2001, no pet.)). This is because "the duty to indemnify only

---

[2] One exception to the general rule that a duty to indemnify is not ripe until after the underlying lawsuit is resolved applies "when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Texas Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). This exception does not apply here because SLE did not move to dismiss on grounds that it does not have a duty to defend Greyhound in the Dallas County Litigation. *See id.*

arises after an insured has been adjudicated, whether by judgment or settlement, to be legally responsible for damages in a lawsuit." *Id.*

Without an adjudicated dispute, the Court cannot determine whether SLE has a duty to indemnify or whether SLE has breached any contractual or common law duty to indemnify. Here, the Dallas County Litigation remains ongoing, *see generally* Doc. 14, Am. Compl., so any duty to indemnify that SLE may have under the 2021 Interline Agreement has not yet accrued. *See Columbia Cas.*, 542 F.3d at 111. Further, Greyhound's request for a declaratory judgment that SLE has a duty to indemnify Greyhound for any damages incurred from the Dallas County Litigation is likewise premature. *See id.* at 111. For the same reasons, Greyhound's common law indemnity claim is also not ripe for review. *See Gunn v. McCoy*, 554 S.W.3d 645, 678 (Tex. 2018) (holding that a common law indemnity claim was ripe when the trial court entered a final judgment in the underlying case). Accordingly, the Court dismisses Greyhound's indemnification claims without prejudice for lack of subject-matter jurisdiction. Because the Court dismisses Greyhound's common law claim for indemnification, the Court does not address SLE's Motion that Greyhound failed to state a claim for common law indemnification.

In contrast, a "duty to defend arises with the filing of a suit against its insured." *Comsys Info. Servs. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 193 (Tex. App.–Houston [14th Dist.] 2003, pet. denied); *see also National Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). Here, the plaintiffs in the Dallas County Litigation have already filed suit against Greyhound, Doc. 14, Am. Compl., ¶ 6, so any duty to defend that SLE may have under the 2021 Interline Agreement has accrued and is ripe for adjudication. *See Comsys Info. Servs.*, 130

S.W.3d at 193. Thus, the Court denies SLE's Motion to Dismiss as to Greyhound's duty to defend claims.

B.    *The Northern District of Texas is a Proper Venue.*

SLE maintains that the Court should transfer this case for two reasons. First, SLE argues that the Northern District of Texas is an improper venue, so the Court must transfer this case pursuant to 28 U.S.C. § 1406. Doc. 24, Mot., 3–4. Second, SLE contests that, even if this District is a proper venue, the interests of justice support transferring this case under 28 U.S.C. § 1404. *Id.* at 4–7. The Court addresses each argument in turn. When considering whether to transfer the case, the Court will only consider the claims that it possesses subject-matter jurisdiction over. *Cf. Chandler v. United States*, 338 F. Supp. 3d 592, 605 (N.D. Tex. 2018) (Scholer, J.) (holding that a federal court cannot transfer a case if it lacks subject-matter jurisdiction over the dispute).

1.    The Court Will Not Transfer This Case Under Section 1406.

Section 1406 provides that if a case was filed in an improper venue under § 1391, a district court should either dismiss the case or transfer the case to a proper venue. 28 U.S.C. § 1406(a). Venue is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). "Although the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be substantial." *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 365 (5th Cir. 2008). "[V]enue may be properly laid in more than one district, and the substantial part of the events or omissions test does not require that the chosen venue be the best venue . . . the selected district must simply have a substantial connection to the claim." *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 722 (W.D. Tex. 2013) (citation omitted).

The Court concludes that venue is proper in the Northern District of Texas because a substantial part of the events leading to the present litigation happened within this District. At the outset, the Court addresses what is and is not at issue at this lawsuit. Greyhound's case against SLE is fundamentally a breach of contract suit—Greyhound alleges that SLE breached the 2021 Interline Agreement by failing to defend Greyhound in the Dallas County Litigation. Doc. 14, Am. Compl., ¶¶ 31–54. The underlying facts of the bus accident that occurred in Utah are unrelated to the issues presented here as the bus accident is being litigated in the Dallas County Litigation. *See generally id.*; *cf.* Doc. 24, Mot., 3–4. Thus, the Court is not tasked with determining whether the driver of the SLE bus was negligent or whether the accident caused any of the Dallas County Litigation's plaintiffs' injuries.

The lawsuit that allegedly triggered SLE's duty to defend under the 2021 Interline Agreement was filed within the Northern District of Texas. Doc. 14, Am. Compl., ¶ 6. And Greyhound alleges that SLE breached the parties' contract within this District by failing to defend Greyhound in the Dallas County Litigation. *Id.* ¶¶ 26–27; *see Mt. Hawley Ins. Co. v. Baddley Chem. Co.*, No. CIVA H-06-0565, 2006 WL 2022909, at *2 (S.D. Tex. July 17, 2006). Thus, venue is proper here as a substantial part of the events that gave rise to this lawsuit occurred within the Northern District of Texas.

SLE argues that a substantial part of the events that gave rise to Greyhound's claims did not occur in the Northern District of Texas because the bus accident that resulted in the Dallas County Litigation occurred in Utah. Doc. 24, Mot., 3–4. However, as the Court discussed above, this case concerns determining whether SLE failed to perform its contractual duties in the Dallas County Litigation. *See* Doc. 14, Am. Compl., ¶¶ 31–54. Ultimately, SLE's arguments amount to contesting

that the District of Utah is a *better* venue than the Northern District of Texas, which is insufficient to establish that this Court is an *improper* venue. *See Zurich Am. Ins.*, 982 F. Supp. 2d at 722. Thus, venue is proper in this district and the case may not be transferred under § 1406.

2.   The Court Will Not Transfer This Case Under Section 1404(a).

Next, SLE argues that the Court should transfer this case to the District of Utah under 28 U.S.C. § 1404(a). Doc. 24, Mot., 4. Transfer under § 1404(a) requires showing that (1) the District of Utah is a proper venue and (2) the transfer would be for "the convenience of parties and witnesses, [and] in the interests of justice." *See* 28 U.S.C. § 1404(a). The second prong involves balancing four private interest factors and four public interest factors. *Volkswagen II*, 545 F.3d at 315.

With regards to the first prong, the parties dispute whether the 2021 Interline Agreement's Forum Selection clause, which specifies that at least some lawsuits arising out of the 2021 Interline Agreement must be filed in a state or federal court located in Dallas, Texas, applies to this dispute. *Compare* Doc. 24, Mot., 4–5 *with* Doc. 25, Resp., 5–7. But the Court need not address the first prong of the § 1404(a) inquiry because, after weighing the private interest and public interest factors, the Court concludes that SLE has failed to meet its burden of establishing that transferring this case would be in the interests of justice.

With regards to the second prong, none of the private interest factors favor transferring this case to the District of Utah. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citation omitted).

-9-

First, SLE has failed to identify any material sources of proof more easily accessible in Utah that are relevant to the remaining claims. Instead, SLE asserts that "all relevant documents and physical evidence is in Utah." Doc. 24, Mot., 5. However, SLE has failed to identify any specific sources of proof or explain why evidence of the underlying bus accident would be a material source of proof here. *See Hammers v. Mayea-Chang*, No. 2:19-CV-00181-JRG, 2019 WL 6728446, at *7 (E.D. Tex. Dec. 11, 2019). ("The movant bears the burden to show that transfer will result in more convenient access to specifically-identified and material sources of proof."). Further, the relevant evidence in this case—the 2021 Interline Agreement and the court record of the Dallas County Litigation—are located within this District, meaning that they are not more easily accessible in the District of Utah than here. *See TIG Ins. Co. v. Woodsboro Farmers Coop.*, No. 5:18-CV-191, 2020 WL 12573286, at *3 (S.D. Tex. Jan. 28, 2020) ("A change in venue would not significantly improve Parties' access to sources of proof, which are primarily found in policy documents and the record of the underlying state court action."). Thus, SLE has failed to meet its burden of identifying material sources of proof relevant to this dispute that are more easily accessible in Utah.

Second, SLE has failed to meet its burden of identifying witnesses who are outside the Court's subpoena power. SLE argues "[Greyhound's] claims turn on alleged negligence and property loss" and that "all thirty-party witnesses to the alleged negligence and property loss are most likely in Utah." Doc. 24, Mot., 5–6 (emphasis omitted). However, as discussed above, Greyhound primarily asserts breach of contract claims—it is not asserting a negligence cause of action or seeking damages for property loss. *See* Doc. 14, Am. Compl., ¶¶ 31–54. And SLE has not explained why these unidentified thirty-party witnesses, who *might* live in Utah, would provide testimony that would aid the Court in resolving this dispute that primarily raises breach of contract issues. Indeed, SLE has

failed to identify *any* witnesses who can provide testimony regarding the formation of the 2021 Interline Agreement or any other matters at issue in this suit. *See Continental Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992) ("[T]he party seeking transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." (citation omitted)). As a result, the third factor—the convenience of the witnesses—also does not weigh in favor of transferring the case. *See Volkswagen II*, 545 F.3d at 315. Thus, SLE has not met its burden of establishing the second and third private interest factors weigh in favor of transfer. *See id.*

Fourth, SLE offers no practical problem with litigating the case in this District other than merely asserting "[a]ny unforeseen practical problems with the discovery and trial of this case are best handled in Utah." Doc. 24, Mot., 6. Without identifying any specific practical problems with litigating this case in the Northern District of Texas, the Court cannot conclude that the fourth private interest factor favors transfer. *E.E.O.C. v. Fort Worth Ctr. of Rehab.*, No. 3:13-CV-1736-B, 2013 WL 5707848, at *3 (N.D. Tex. Oct. 18, 2013) (Boyle, J.) ("The parties have not raised any other practical problems besides those already discussed; thus, the Court does not weigh this factor.").

The public interest factors, when considered together, also weigh against transferring this case. The public interest factors include: "(1) the administrative difficulties following from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315.

First, the relative court congestion between the District Court of Utah and the Northern District of Texas narrowly weighs in favor of transfer. However, this Court has not weighed this

factor very heavily in past cases given the imprecise nature of this inquiry. *See Trans World Logitec, Inc. v. Samsung SDS Glob. SCL Am., Inc.*, No. 3:19-CV-1397-B, 2019 WL 5213437, at *6 (N.D. Tex. Oct. 15, 2019) (Boyle, J.). When assessing this factor, courts often consider the Federal Judicial Caseload Statistics. *Id.* As of March 2023, the median time for a case filed in the Northern District of Texas to resolve was 30 months, while the median case filed in Utah was resolved in 11 months. *See Table C-5–U.S. District Courts–Civil Federal Judicial Caseload Statistics (Mar. 31, 2023)*, UNITED STATE COURTS, https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2023/03/31.

Second, the local interest factor weighs against transfer because this case arose out of an alleged failure to defend a lawsuit in Dallas County. "[The local interest] factor generally favors the venue where the acts giving rise to the lawsuit occurred." *Hillestad v. LLOG Expl. Co.*, No. 3:17-CV-00341, 2018 WL 4938708, at *8 (S.D. Tex. Sept. 20, 2018) (citation omitted). This lawsuit originates from SLE allegedly failing to defend a lawsuit filed within this District. *See generally* Doc. 14, Am. Compl. Thus, taking Greyhound's allegations as true, SLE's breach of the 2021 Interline Agreement occurred in the Northern District of Texas, and the local interest factor weighs against transferring. *See Hillestad*, 2018 WL 4938708, at *8. SLE argues that "[t]his case was elicited by parties and events originating in Utah." Doc. 24, Mot., 7. This argument at most suggests that other acts giving rise to this suit occurred in a different state, which is insufficient for the local interest factor to weigh in favor of transferring. *See Trans World Logitec*, 2019 WL 5213437, at *5 ("Thus, even if other acts giving rise to this suit occurred in [another state], this factor would be no more than neutral and would not weigh in favor of transfer." (citation omitted)).

Third, the parties' 2021 Interline Agreement dictates that Texas law will govern the breach of contract claims. *See* Doc. 14-1, Ex. A, 14. This factor weighs against transferring this case because courts in this District are better equipped than federal district courts outside Texas to apply Texas law when interpreting contracts. *Cf. Impact Finishing, Inc. v. Wild Card, Inc.*, No. 3:22-CV-0290-B, 2024 WL 331618, at *1 (N.D. Tex. Jan. 29, 2024) (Boyle, J.).

Fourth, neither party identified any potential conflict of laws issues. Doc. 14-1, Ex. A, 14. Thus, the Court concludes the fourth factor is neutral. *See Cortez v. Brad Drake Constr., LLC*, No. EP-15-CV-346-KC, 2016 WL 1312636, at *3 (W.D. Tex. Apr. 4, 2016).

On balance, the Court finds that the relevant factors weigh against transferring this case to Utah under § 1404(a). Thus, the Court denies Greyhound's motion to transfer venue.

## IV.

### CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** SLE's Motion to Transfer Venue and Motion to Dismiss (Doc. 24). Specifically, the Court **DENIES** the Motion to Dismiss as to Greyhound's duty to defend claims and **GRANTS** the Motion to Dismiss as to Greyhound's indemnification claims for lack of subject-matter jurisdiction. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** Greyhound's contractual indemnity claim, Greyhound's common law indemnity claim, and Greyhound's claim seeking a declaratory judgment that SLE has a duty to indemnify. In light of the foregoing, the Court **DENIES AS MOOT** SLE's Motion to Dismiss Greyhound's common law indemnity claim for failure to state a claim. Lastly, the Court **DENIES** SLE's Motion to Transfer Venue. Pursuant to Federal Rule of Civil Procedure

12(a)(4)(A), SLE must file an answer to Greyhound's Second Amended Complaint within **fourteen (14)** days of this Order.

      **SO ORDERED**.

      **SIGNED: July 24, 2024**.

                                        JANE J. BOYLE
                                        UNITED STATES DISTRICT JUDGE