IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREYHOUND LINES INC § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:23-CV-02769-O |
| § | |
| WESTERN TRAILS CHARTERS & § | |
| TOURS LLC § | |
| § | |
| Defendant. § | |

## OPINION & ORDER

Before the Court are Plaintiff's Motion for Partial Summary Judgment (ECF Nos. 79–81), Defendant's Response (ECF Nos. 82–83), and Plaintiff's Reply (ECF No. 84); Defendant's Motion to Amend Response to Request for Admission (ECF No. 86) and Plaintiff's Response (ECF No. 92); Defendant's Motion to Deem Argument's Waived or File Surresponse (ECF Nos. 87–88) and Plaintiff's Response (ECF No. 93); and Plaintiff's Unopposed Motion to Bifurcate Liability and Damages and Abate (ECF No. 77). The Court **GRANTS** Plaintiff's Motion for Summary Judgment. The Court **DENIES as moot** Defendant's Motion to Amend Response to Request for Admission. The Court **DENIES** Defendant's Motion to Deem Arguments Waived or File a Surresponse. The Court **GRANTS** Plaintiff's Unopposed Motion to Bifurcate Liability and Damages and Abate.

### I.   BACKGROUND

#### A.   Overview

This is a breach of contract case. Plaintiff Greyhound Lines, Inc. ("Greyhound") and Defendant Western Trails and Tours d/b/a Salt Lake Express ("SLE") both provide bus-

transportation services.[1] In 2021 Greyhound and SLE entered into to an interline agreement to provide their "passengers with seamless travel across both carriers' networks using a single ticket" (the "Interline Agreement").[2] The Interline Agreement requires SLE to name Greyhound as an additional insured under its insurance policy.[3] Failure to provide and maintain the required insurance constitutes a material breach under the Interline Agreement.[4] The Interline Agreement also requires SLE to defend Greyhound against claims of negligence, property loss, damage, or personal injury.[5]

In December 2022, a bus owned and operated by SLE was involved in an accident in Trementon, Utah.[6] On July 28, 2023, one of the passengers on that bus sued Greyhound alleging he sustained injuries from the bus crash and later amended his lawsuit to include SLE[7] (the "Accident Litigation").[8] Greyhound then sent SLE a tender letter invoking the Interline Agreement's indemnification provision and demanded that SLE indemnify and defend Greyhound.[9] SLE's insurance carrier, Prime Insurance Company ("Prime"), then responded and informed Greyhound that it "was not named as an additional insured under [SLE's insurance policy] and therefore does not qualify for coverage."[10] Prime further explained that while it did

---

[1] Pl.'s Br. Supp. Mot. Summ. J. ¶ 2, ECF No. 80.
[2] *Id.*
[3] Pl.'s App. Supp Mot. Summ. J. App. 009, ECF No. 81-1.
[4] *Id.*
[5] Def.'s Br. Supp. Resp. Mot. Summ. J. ¶ 4, ECF No. 83; Pl.'s App. Supp Mot. Summ. J. App. 008, ECF No. 81-1.
[6] Pl.'s Br. Supp. Mot. Summ. J. ¶ 9, ECF No. 80; Pl.'s App. Supp Mot. Summ. J. App. 019, ECF No. 81-2.
[7] Pl.'s Br. Supp. Mot. Summ. J. ¶ 11, ECF No. 80; Def.'s Br. Supp. Resp. Mot. Summ. J. ¶ 5, ECF No. 83; Pl.'s App. Supp Mot. Summ. J. App. 039–40, ECF No. 81-3; Pl.'s App. Supp Mot. Summ. J. App. 051, ECF No. 81-4.
[8] According to Greyhound's Notice of Material Development (ECF No. 94), the original lawsuit filed in Dallas County Court of Law No. 5 has been nonsuited and consolidated in a lawsuit filed in Utah. The term Accident Litigation refers to all litigation stemming from the December 2022 bus accident, apart from this case.
[9] Pl.'s App. Supp Mot. Summ. J. App. 063–64, ECF No. 81-5; Def.'s Br. Supp. Resp. Mot. Summ. J. ¶ 6, ECF No. 83; Pl.'s Br. Supp. Mot. Summ. J. ¶ 13, ECF No. 80.
[10] Pl.'s App. Supp Mot. Summ. J. App. 066, ECF No. 81-6.

not have an obligation to cover Greyhound's defense it would do so on a courtesy basis so long as Greyhound's and SLE's defense was handled through the same counsel.[11] Prime did not offer to indemnify Greyhound.[12] In response, Greyhound denied Prime's offer of a courtesy defense citing conflicts of interest arising from Prime's reservation of right, refusal to indemnify Greyhound, and demand to select Greyhound's counsel.[13]

### B. Procedural Background

Greyhound subsequently filed this lawsuit against SLE bringing claims for (1) breach of contract for failing to defend and indemnify Greyhound and for failing to name Greyhound as an additional insured, (2) a declaratory judgment that SLE has a duty to indemnify and defend Greyhound, and (3) a common law indemnification claim. United States District Judge Jane Boyle dismissed Greyhound's contractual, common law, and declaratory judgment indemnification claims for lack of subject matter jurisdiction (ECF No. 28). Greyhound then filed its Motion to Bifurcate Liability and Damages and Abate and its Motion for Partial Summary Judgment based on its breach of contract claims against SLE for (1) failing to name Greyhound as an additional insured, and (2) failing to defend Greyhound in the Accident Litigation. SLE filed a response and Greyhound filed a reply. SLE then filed its Motion to Amend Request for Admission and Motion to Deem Argument's Waived or File Surresponse. The case was then transferred to this Court (ECF No. 89). Greyhound then timely responded to both of SLE's motions. Greyhound and SLE's motions are now ripe for the Court to consider.

---

[11] Def.'s Br. Supp. Resp. Mot. Summ. J. ¶ 7, ECF No. 83; Pl.'s App. Supp Mot. Summ. J. App. 067, ECF No. 81-6; Pl.'s Br. Supp. Mot. Summ. J. ¶ 14, ECF No. 80.
[12] Pl.'s App. Supp Mot. Summ. J. App. 067, ECF No. 81-6; Pl.'s Br. Supp. Mot. Summ. J. ¶ 15, ECF No. 80.
[13] Def.'s Br. Supp. Resp. Mot. Summ. J. ¶ 9, ECF No. 83; Pl.'s App. Supp Mot. Summ. J. App. 068, ECF No. 81-7; Pl.'s Br. Supp. Mot. Summ. J. ¶ 16, ECF No. 80.

## II. LEGAL STANDARD

Summary judgment is appropriate only where the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is not "a disfavored procedural shortcut," but rather an "integral part of the Federal Rules as a whole, 'which are designed to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

"[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis of its motion and demonstrate from the record that no genuine dispute as to any material fact exists. *See Celotex*, 477 U.S. at 323. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

The court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). "Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id.* If, "under the governing law, there can be but one reasonable conclusion as to the verdict," the Court will grant the motion. *Anderson*, 477 U.S. at 250.

## III. Analysis

Greyhound asserts that SLE breached the Interline Agreement by (1) failing to name Greyhound as an additional insured, and (2) failing to defend Greyhound in the Accident

Litigation. The Parties agree that Texas law applies.[14] "The elements of a breach of contract claim under Texas law are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 415 (5th Cir. 2021) (citation omitted).

### A. Breach of Contract

#### 1. Additional Insured

The Parties do not dispute that the Interline Agreement is a valid contract or that it was the operative agreement at the time of the accident underlying the Accident Litigation.[15] There is also no genuine dispute that SLE was required to and did not name Greyhound as an additional insured on its insurance policy.[16] The Interline Agreement provides that "[a] Party's failure to provide and keep in force the aforementioned insurance shall be regarded as a material default hereunder, entitling the other Party to exercise any or all of the rights and remedies provided hereunder, including immediate termination of this Agreement."[17] When "the plain language of a written contract is such that it can be given a definite legal meaning, then it is not ambiguous as a matter of law and the court must enforce it as written." *ExxonMobil Corp. v. Elec. Reliability Services, Inc.*, 868 F.3d 408, 415 (5th Cir. 2017). Thus, it is clear from the terms of the contract that SLE was required to name Greyhound as an additional insured and through its failure to do so breached the Interline Agreement. The Court turns next to whether SLE breached its duty to defend.

---

[14] Def.'s Br. Supp. Resp. Mot. Summ. J. ¶ 12, ECF No. 83; Pl.'s Br. Supp. Mot. Summ. J. ¶ 22, ECF No. 80.
[15] Def.'s Br. Supp. Resp. Mot. Summ. J. ¶ 13, ECF No. 83; Pl.'s Br. Supp. Mot. Summ. J. ¶ 23, ECF No. 80; Pl.'s App. Supp Mot. Summ. J. App. 023–24, ECF No. 81-2.
[16] Pl.'s App. Supp Mot. Summ. J. App. 034, ECF No. 81-2.
[17] Pl.'s App. Supp Mot. Summ. J. App. 010, ECF No. 81-1.

2. Duty to Defend

Greyhound asserts that SLE breached the Interline Agreement by failing to defend it in the Accident Litigation.[18] SLE disputes this, asserting that its insurer, Prime, offered Greyhound a courtesy defense thereby fulfilling its obligation.[19]

Whether SLE had a duty to defend Greyhound in the Accident Litigation and whether it breached this duty is determined by the eight corners rule. *Weeks Marine, Inc. v. Standard Concrete Products, Inc.*, 737 F.3d 365, 369 (5th Cir. 2013). While the eight corners rule is generally applied to determine whether an insurer has a duty to defend its insured, it can also be used to determine the obligations of contracting parties. *Id.* "The 'four corners' of the petition and the 'four corners' of the [contract] together comprise the 'eight corners' that give the rule its name." *Liberty Mut. Fire Ins. Co. v. Copart of Connecticut, Inc.*, 75 F.4th 522, 528 (5th Cir. 2023). A party's duty to defend is triggered if even one of the claims in the underlying lawsuit falls within the contractually agreed scope of coverage. *Evanston Ins. Co. v. Legacy of Life, Inc.*, 645 F.3d 739, 745 (5th Cir. 2011), *certified question answered*, 370 S.W.3d 377 (Tex. 2012). Thus, pertinent here are the Interline Agreement and the petition underlying the Accident Litigation.

Paragraph 16 of the Interline Agreement provides in relevant part as follows:

> To the fullest extent permitted by applicable law, each Party shall defend, indemnify, protect and hold the other harmless, including its customers, directors, officers, employees (whether acting in the course of their employment or otherwise), agents, representatives, successors and assigns (each an "Indemnified Party") from and against any and all claims, losses, liens, demands, attorneys' fees, damages, liabilities, costs, expenses, obligations, causes of action, penalties, or suits (collectively "Claims") arising out of or resulting from: (i) any negligence, act or omission or willful misconduct of the other Party or its employees, agents, representatives or contractors; (ii) the breach of this Agreement by a Party or any of its employees, agents, representatives or contractors; (iii) property loss, damage, personal injury or death sustained by any Party, its employees and/or customers or any other person caused by or during the operation by the other Party (including

---

[18] Pl.'s Br. Supp. Mot. Summ. J. ¶ 34, ECF No. 80.
[19] Def.'s Br. Supp. Resp. Mot. Summ. J. ¶ 26, ECF No. 83.

employees, agents and/or contractors) of a commercial motor vehicle in Interline Service . . . .[20]

Under this provision, SLE has a duty to defend, indemnify, and hold Greyhound harmless against all claims, as defined by the provision, arising from SLE's own negligence, acts, or omissions including those related to the operation of its vehicles in interline service. The first amended petition in the Accident Litigation, which brought SLE into the litigation, alleges negligence on the part of Greyhound and SLE based on SLE's ownership and operation of the bus involved in the underlying accident.[21] Under the plain language of the Interline Agreement, these allegations state a claim within the scope of SLE's indemnity obligations, thereby triggering SLE's duty to defend Greyhound.

SLE contends that even if it had a duty to defend Greyhound, it did so when Prime offered its courtesy defense.[22] Greyhound disagrees and argues that it has a direct contractual right to a defense and indemnification from SLE and that because Prime refused to indemnify Greyhound and mandated that Greyhound share counsel with SLE, a conflict arose that precluded it from accepting Prime's offer.[23] The Court agrees with Greyhound.

SLE has not shown how it satisfied its duty to defend Greyhound. Nothing in the record indicates that SLE agreed to defend Greyhound or even acknowledged its tender letter sent on October 31, 2023.[24] A reasonable inference in SLE's favor is that it forwarded the tender letter to Prime with the expectation that Prime would satisfy SLE's duty to defend. And had Prime or SLE notified Greyhound that Prime was stepping in to fully satisfy SLE's duty to defend, that might have fulfilled SLE's obligation. But that's not what happened. In its letter to Greyhound, Prime

---

[20] Pl.'s App. Supp Mot. Summ. J. App. 008, ECF No. 81-1.
[21] Pl.'s App. Supp Mot. Summ. J. App. 053–58, ECF No. 81-4.
[22] Def.'s Br. Supp. Resp. Mot. Summ. J. ¶ 34, ECF No. 83.
[23] Pl.'s Br. Supp. Mot. Summ. J. ¶ 39, ECF No. 80; Pl.'s Reply Mot. Summ. J. ¶¶ 8–9, ECF No. 84.
[24] Pl.'s Br. Supp. Mot. Summ. J. ¶ 38, ECF No. 80.

explicitly denied Greyhound coverage and disclaimed any obligation to defend Greyhound, all while acknowledging the existence of the Interline Agreement. That Prime decided to independently offer Greyhound a conditional courtesy defense does not satisfy SLE's responsibility to honor its defense obligations. Likewise, Prime's letter made it clear that it was reserving rights to deny coverage and that its offer was conditioned on Greyhound agreeing to share counsel with SLE. Given these stipulations, Greyhound determined there was a conflict of interest and rejected Prime's offer, which was not unreasonable under the circumstances. *See N. Cnty. Mut. Ins. Co. v. Davalos*, 140 S.W.3d 685, 689 (Tex. 2004) (explaining that a conflict arises "when the defense tendered is not a complete defense under circumstances in which it should have been"). Accordingly, the Court finds there is not a genuine dispute of material fact that SLE breached the Interline Agreement by failing to defend Greyhound. The Court turns next to the remaining two elements for breach of contract—Greyhound's performance and damages.

### B. Performance and Damages

SLE asserts that Greyhound cannot prevail on summary judgment because Greyhound has not proven its own performance under the agreement or shown any damages resulting from a breach.[25] These arguments are unpersuasive.

To start, Greyhound asserts that it has performed. In its Motion for Summary Judgment, Greyhound offers that it "has continued to honor the Interline Agreement by selling, accepting, and processing interline tickets with SLE."[26] SLE has not offered any evidence to rebut this or even argued that Greyhound has not performed its obligations under the Interline Agreement.[27] While the "moving party bears the initial burden of identifying those portions of the pleadings and

---

[25] Def.'s Br. Supp. Resp. Mot. Summ. J. ¶ 13, ECF No. 83.
[26] Pl.'s Br. Supp. Mot. Summ. J. ¶ 23, ECF No. 80.
[27] *See generally* Def.'s Br. Supp. Resp. Mot. Summ. J., ECF No. 83.

discovery in the record that it believes demonstrate the absence of a genuine issue of material fact," once it meets its burden, "the nonmoving party must set forth specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998). Greyhound asserts it has performed under the Interline Agreement, and SLE has not disputed that or offered any contradictory evidence. Thus, there is no genuine dispute of material fact that Greyhound has performed its obligations under the Interline Agreement.

SLE additionally contends that Greyhound should not prevail on summary judgment because it has failed to provide evidence of any damages or shown that any damages were a result of SLE's breach.[28] Greyhound disputes this and asserts that partial summary judgment on liability is proper even when damages remain to be determined.[29]

A party may seek partial summary judgment on liability issues while reserving for another day the issue of damages or attorney's fees. FED R. CIV. P. 56(a); *see also BNSF Ry. Co. v. Jones Lang Lasalle Americas, Inc.*, No. 4:20-CV-01372-O, 2022 WL 562898, at *7 (N.D. Tex. Feb. 24, 2022) (O'Connor, J.); *Admiral Ins. Co. v. Petron Energy, Inc.*, 1 F. Supp. 3d 501, 509 (N.D. Tex. 2014) (Lynn, J.); *Trammell Crow Residential Co. v. Virginia Sur. Co., Inc.*, 643 F. Supp. 2d 844, 856 (N.D. Tex. 2008) (Fitzwater, J.). Here, Greyhound seeks summary judgment on liability only. So, while it must show that it suffered some damages, it need not specify the amount. Greyhound has satisfied this burden. It asserts that it has already incurred substantial legal expenses in both the Accident Litigation and in this case resulting from SLE's breach of the Interline Agreement.[30]

---

[28] Def.'s Br. Supp. Resp. Mot. Summ. J. ¶ 18, ECF No. 83.
[29] Pl.'s Reply Mot. Summ. J. ¶ 15, ECF No. 84.
[30] Pl.'s Br. Supp. Mot. Summ. J. ¶¶ 42, 44, ECF No. 80.

SLE has offered no evidence to disprove this. Accordingly, Greyhound has sufficiently established that it has suffered at least some damages.

For these reasons, the Court **GRANTS** Greyhound's Motion for Summary Judgment as to liability on its breach of contract claim for SLE's failure to list Greyhound as an additional insured and its breach of contract claim for SLE failing to satisfy its obligation to defend Greyhound in the Accident Litigation.

## IV.   REMAINING MOTIONS

### A.  SLE Motions

The Court next turns to SLE's Motion to Amend Response to Request for Admission and Motion to Deem Arguments Waived or File Surresponse.

SLE's Motion to Amend Request for Admission moves the Court to allow SLE to amend its response to Greyhound's Request for Admission No. 111 under Federal Rule of Civil Procedure 36(b).[31] Greyhound opposes allowing amendment.[32]

After reviewing SLE's Motion and Greyhound's Response, the Court finds that the Motion should be, and is, **DENIED as moot** because the Court did not rely on Request for Admission No. 111 in granting summary judgment in Greyhound's favor.

SLE also filed a Motion to Deem Argument's Waived or File Surresponse. The Motion seeks to have certain arguments raised by Greyhound in its summary judgment Reply based on SLE's original response to Request for Admission No. 111 waived or stricken because it asserts that Greyhound raised these arguments for the first time it its Reply.[33] Greyhound disputes this, arguing it was replying to arguments made by SLE in responding to Greyhound's Partial Motion

---

[31] Def.'s Mot. Amend 1, ECF No. 86.
[32] *See generally* Pl.'s Resp. Mot. Amend, ECF No. 92.
[33] Def.'s Mot. Deem Arg. Waived 1, ECF No. 87.

for Summary Judgment by pointing to evidence already in the record.[34] After reviewing the parties' briefs, the Court **DENIES** SLE's Motion to Deem Arguments Waived or File Surresponse. Greyhound's reply brief did not raise substantially new arguments but rather rebuts points raised by SLE in its response by citing to evidence included in the motion appendix, which is allowed.

### B. Greyhound's Motion to Bifurcate Liability and Damages and Abate

Also pending before the Court is Greyhound's Unopposed Motion to Bifurcate Liability and Damages and Abate. Greyhound seeks bifurcation of liability and damages as its damages remain uncertain and contingent on the outcome of the Accident Litigation.[35] Having granted partial summary judgment regarding liability in Greyhound's favor and noting that the Motion is unopposed, the Court finds that bifurcating the issue of damages and abating the Case pending the outcome of the Accident Litigation would serve judicial efficiency. Accordingly, the Court **GRANTS** Greyhound's Motion.

## V.  CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Greyhound's Motion for Partial Summary Judgment (ECF No. 79) as to its breach of contract claims against SLE for (1) failing to name Greyhound as an additional insured, and (2) failing to defend Greyhound in the Accident Litigation is **GRANTED**.

2. SLE's Motion to Amend Response to Request for Admission (ECF No. 86) is **DENIED as moot**.

3. SLE's Motion to Deem Argument's Waived or File Surresponse (ECF No. 87) is **DENIED**.

4. Greyhound's Unopposed Motion to Bifurcate Liability and Damages and Abate (ECF No. 77) is **GRANTED**. The Court **ORDERS** that the case is abated pending resolution of the

---

[34] Pl.'s Resp. Mot. Deem Arg. Waived 2, ECF No. 92.
[35] Pl.'s Mot. Bifurcate and Abate 5, ECF No. 77.

Accident Litigation. The Parties are **ORDERED** to file a joint status report on or before March 2, 2026, and every three months thereafter, unless the 2nd of the month falls on a weekend or federal holiday then the next business day, regarding the status of the Accident Litigation. The Clerk of Court is **DIRECTED** to close this case for statistical purposes.

    **SO ORDERED** on this **15th day** of **December, 2025**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**